UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                    Chapter 15

VIAÇÃO ITAPEMIRIM S.A., TRANSPORTADORA
ITAPEMIRIM S/A, ITA – ITAPEMIRIM
TRANSPORTES, S/A, IMOBILIÁRIA BIANCA           Case No.: _____
LTDA, COLA COMERCIAL E DISTRIBUIDORA
LTDA, VIAÇÃO CAIÇARA LTDA and FLECHA S/A
– TURISMO, COMÉRCIO E INDÚSTRIA

Debtors in a Foreign Proceeding.
_____/

**MOTION FOR ORDER OF RECOGNITION OF FOREIGN MAIN
PROCEEDING PURSUANT TO §§ 1515 AND 1517 AND REQUEST FOR HEARING**

Elias Mubarak Junior, appointed as Foreign Representative by the Debtors in a foreign bankruptcy proceeding ("Foreign Representative"), moves this Court for entry of an Order recognizing the foreign reorganization proceeding ("Brazil Proceeding") of Viação Itapemirim S.A. ("VISA"), Transportadora Itapemirim S/A, Itapemirim Transportes S.A., Imobiliária Bianca Ltda., Cola Comércio e Distribuidora Ltda., Flecha S.A. Turismo Comércio e Indústria, Viação Caiçara Ltda. and its affiliates (collectively the "Debtors") pending before the Court of Justice of the State of São Paulo ("Brazil Court") as a foreign main proceeding under 11 U.S.C. § 1517,[1] granting related relief pursuant to §§ 1520 and 1521, and granting any additional relief which may be available under the Bankruptcy Code. The Foreign Representative further requests a hearing on the initial petition (ECF No. 1) ("Petition") and Motion no later than (21) days after the date the Court issues its notice of hearing but, in any event, "at the earliest possible time" thereafter. *See* Fed. R. Bankr. P. 2002(q); § 1517(c).

---

[1] All statutory references shall be to Title 11 U.S.C. § 101 *et seq.* ("Bankruptcy Code"), unless otherwise specified.

**PRELIMINARY STATEMENT, JURISDICTION, & VENUE**

1. The Foreign Representative files the Petition and this Motion under § 1504 to seek recognition of the Brazil Proceeding as a "foreign main proceeding," as defined in § 1502(4).

2. The Petition and this Motion are supported by the Declaration under penalty of perjury of the Foreign Representative ("Declaration") attached as **Exhibit 1**. The Declaration itself contains several exhibits referred to and incorporated herein. The Declaration also provides a summary of the Brazil Proceeding, the factual background regarding relating to the Debtors' business affairs and the efforts to investigate the financial status and dealings of the Debtors and collect any and all of their dissipated assets.

3. A true and correct copy of the Reorganization Order accepting the petition for judicial reorganization is attached hereto as **Exhibit 1(C)**.[2]

4. The Foreign Representative was duly appointed by Power of Attorney executed by the Debtors on November 5, 2018. True and correct copies of the Power of Attorney and its translation are attached to the Declaration as **Exhibit 1(A)**.

5. As required by Fed. R. Bankr. P. 1007(a)(4), a Statement of Corporate Ownership, in conformity with Fed. R. Bankr. P. 7007.1 is being filed contemporaneously herewith.

6. The State of São Paulo, Brazil is the Debtors' center of main interests. Among other considerations: Brazil is the location of the Debtors' most current registered offices, *see* **Exhibit 1**, Declaration at ¶6-12.[3] In addition, the Brazil Court recently found that the Debtors' main business activities were concentrated in State of São Paulo, Brazil and directing the transfer

---

[2] Exhibit "A" of the Declaration is referenced herein as Exhibit "1(A)" and so on.
[3] *See* § 1516(c) ("In the absence of evidence to the contrary, the debtor's registered office, or habitual residence in the case of an individual, is presumed to be the center of the debtor's main interests.").

of venue for the Brazil Proceeding to the Court of Justice for the State of São Paulo. A true and correct copy of the Venue Order is attached as Exhibit 1(E).

7.   This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 and §§ 109 and 1501 of the Bankruptcy Code.

8.   This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

9.   Venue is proper in this district under 28 U.S.C. § 1410 as, among other things, the Foreign Representative has retained Sequor Law, P.A in this district. In addition, Sequor Law holds in its trust account in this District US$1497 deposited by the Foreign Representative on behalf of and for the benefit of the Debtors, to which funds Sequor Law has no rights of setoff, charging lien, or similar right.

## SUMMARY OF FACTUAL BACKGROUND

10.  VISA was incorporated in 1949 by Camilo Cola ("Camilo") as a passenger transport company in the state of Espirito Santo, Brazil as a private limited company. VISA's company number is National Registry of Legal Entities of the Ministry of Finance ("CNPJ") 27.175.975/0001-70.

11.  Debtors' business later expanded to other related activities including the transport of goods, travel agency, truck dealerships and resale of tires. At its peak, the Debtors' passenger transport business covered almost 70% of the Brazilian territory.

12.  Debtors' financially declined due to government policies that required the company to grant free travel tickets to elderly and/or disabled citizens; increased use of other transportation means (shuttles, airplanes, etc.); and increased operational costs. This resulted in approximately USD $100,000,000.00 of debt as of March 2016. To date, the total amount of debt to date for the Itapemirim Group is approximately BRL $300,000,000.

13. Eventually, Camilo stepped out of the day-to-day management of the companies and was substituted by his son, Camilo Cola Filho ("Camilo Filho") who became the controller of the group's activities until Dec/2016, when the Debtors were sold to a group of investors.

### THE BRAZIL PROCEEEDING

14. The Debtors filed a reorganization proceeding under the laws of Brazil in Vitoria, the capital of the state of Espirito Santo. Although Debtors filed for the reorganization of six (6) companies, the "full" corporate structure is composed by at least twenty (20) companies that act under management of Camilo and/or Camilo Filho, Camilo's son. A description of the corporate structure of the Debtors and its affiliates is attached hereto as **Composite Exhibit 1(B).**

15. On March 18, 2016, the Brazil court entered the Order accepting the petition for a judicial reorganization as of March 7, 2016 ("Reorganization Order"). A true and correct copy of the Reorganization Order is attached hereto as **Exhibit 1(C)**.[4]

16. On December 19, 2016, the Brazil Court extended the Reorganization Procedure to Viação Caiçara Ltda ("Extension Order"). See Extension Order attached hereto as **Exhibit "D"**.[5]

17. The venue for the proceeding was transferred on July 23, 2018 to the Court of Justice of the State of São Paulo, were it was assigned to the 1st Jurisdiction of Bankruptcies and Reorganization ("Venue Order"). A true and correct copy of the Venue Order is attached hereto as **Exhibit 1(D)**.[6]

---

[4] A translation of the Reorganization Order is pending and will be filed upon receipt.
[5] A translation of the Extension Order is pending and will be filed upon receipt.
[6] A translation of the Venue Order is pending and will be filed upon receipt.

18. In the Venue Order, the Brazil court also ordered the replacement of the prior judicial administrator with EXAME Auditores Independentes Ltda. See **Exhibit 1(D) at Page 191**.

19. In the Venue Order, the Brazil bankruptcy court also re-appointed SSG Incorporação e Assessoria Eireli, CSV Incorporação e Assessoria Empresarial Eireli, represented by Camila de Souza Valdivia ("Camila") and Sidnei Piva De Jesus ("Sidnei") as the controllers/managers of the Debtors who had previously been removed from the administration of the Itapemirim Group in December 2017.[7] *Id*.

20. On November 5, 2018, the Debtors executed a Power of Attorney authorizing Elias Mubarak Junior to act a representative of the Debtors, including, but not limited to initiating legal proceedings in any court of the United States of America. Exhibit 1(A).

21. The Brazil Proceeding is collective in nature. *See* **Exhibit 1**, Declaration at ¶ 20.

22. The instant Petition and Motion for recognition of the Brazil Proceeding in the United States are of critical importance to the Foreign Representative's worldwide pursuit of assets with which to satisfy creditors as well as to the investigation and recovery of any assets and/or claims located in the United States. *See* **Exhibit 1**, Declaration at ¶ 21-36.

23. The Foreign Representative seeks recognition of the Brazil Proceeding in the United States to further the Foreign Representative's investigation of assets owned by the Debtors and assets in which the Debtors have an interest in whether directly or indirectly. The Foreign Representative has a factual basis to believe that the Debtors directly or indirectly have assets and/or claims, in the United States, specifically in Florida. *See* **Exhibit 1**, Declaration at ¶ 21-36.

---

[7] This order is the subject of an interlocutory appeal pending before the São Paulo Court of Appeal.

## RECOGNITION IS APPROPRIATE

24. The Foreign Representative has satisfied each of the requirements for recognition of the Brazil Proceeding under Chapter 15 of the Bankruptcy Code, as follows:

(a) The Elias Mubarak Junior qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24) because he is properly authorized to act as such by Power of Attorney duly executed by the Debtors in the Brazil Proceeding.

(b) The Brazil Proceeding is a "foreign main proceeding" as defined in 11 U.S.C. § 101(23) and 1502(4), because it is (i) pending in Brazil, which is the Debtors' center of main interests; and (ii) a collective judicial proceeding under which the Debtors' assets and affairs are subject to the supervision of the Brazil Court for the purpose of reorganization under the laws of Brazil.

(c) The Debtors' meet the requirements of a "debtor" as defined in sections 109(a), if applicable, and 1502 because the Debtors are the subject of a foreign proceeding and have assets in the United States, including property of the Debtors in trust in the amount of US $1,497 to which Sequor Law has no claim.

(d) This Reorganization Order is attached the Declaration in support of this Motion. **Exhibit 1(C)**. Additionally, the Declaration contains the list of all persons or entities that must be identified pursuant to 11 U.S.C. § 1515 and Fed. R. Bankr. P. 1007.

## RELIEF REQUESTED

25. The Foreign Representative seeks an Order pursuant to §§ 105(a), 1507, 1517, 1520, and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order, attached as **Exhibit 2** hereto, granting the following relief:

(a) Recognizing the Brazil Proceeding as a foreign main proceeding and Elias Mubarak Junior as the duly authorized Foreign Representative of the Debtors;

(b)    Granting the relief allowable as of right upon recognition of a foreign main proceeding under § 1520 of the Bankruptcy Code;

(c)    Granting all available and appropriate relief under § 1521 of the Bankruptcy Code, including:

(1) staying the commencement or continuation of any action or proceeding without the consent of the Foreign Representative concerning rights, obligations or liabilities of the Debtors and the Debtors' bankruptcy estate, to the extent not stayed under § 1520(a) of the Bankruptcy Code;

(2) staying execution against the Debtors, to the extent not stayed under § 1520(a);

(3) suspending the right to transfer or otherwise dispose of any assets of the Debtors to the extent this right has not been suspended under § 1520(a);

(4) providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtors or the Debtors' estate under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

(5) entrusting the administration or realization of all of the Debtors' assets within the territorial jurisdiction of the United States to the Foreign Representative;

(6) entrusting the distribution of all or part of the Debtors' assets located within the United States to the Foreign Representative and finding that the assets of the creditors of the Debtors are sufficiently protected thereby;

(7) otherwise granting comity to and giving full force and effect to the orders and documents attached to this Motion; and

(8) granting the Foreign Representative such other and further relief as this Court may deem just and proper.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that this Court enter an Order, substantially in the form of the Proposed Order attached hereto as **Exhibit 2** and grant such other relief as may be just and proper.

Dated: November 29, 2018

Respectfully submitted,
**SEQUOR LAW, P.A.**
1001 Brickell Bay Dr., 9th Floor
Miami, Florida 33131
Telephone:   (305) 372-8282
Facsimile:    (305) 372-8202

By: */s/ Leyza F. Blanco.*
Leyza F. Blanco
lblanco@sequorlaw.com
Florida Bar No.: 104639
Daniel Coyle
dcoyle@sequorlaw.com
Florida Bar No.: 55576