

**ORDERED in the Southern District of Florida on May 13, 2019.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| In re: | ) ) ) | CASE NO. 18-24871-BKC-RAM |
| VIACAO ITAPEMIRIM, S.A., *et al.*, | ) ) ) ) | CHAPTER 15 |
| Debtors. | ) ) | |

**ORDER RESERVING RULING, IN PART, AND DENYING, IN PART, <u>MARMARO AND PETRINO HOLDINGS, INC.'S MOTION TO QUASH</u>**

The Court conducted a hearing on May 8, 2019, on Marmaro and Petrino Holdings, Inc.'s ("Marmaro") Motion to Quash or for Protective Order (the "Motion") [DE #30]. By way of the Motion, Marmaro seeks entry of an order quashing a subpoena *duces tecum*

1

(the "Subpoena") served on its counsel and on the following persons: Kelly Araujo, Alejandro Mena, and Rose Wilson.

Having reviewed the record in this case, including the Motion, the Response [DE #44] filed by Elias Mubarak Junior (the "Foreign Representative"), Marmaro's Reply [DE #52], the Foreign Representative's Notices of Filing [DE #56, 57] and Declaration in Support of Petition for Recognition of Foreign Main Proceeding [DE #2-1], and the transcript of the December 27, 2018 hearing on the Petition for Recognition [DE #37], and having considered the arguments of counsel at the May 8th hearing on the Motion, and for the reasons stated on the record at the May 8th hearing, which are incorporated herein, it is -

**ORDERED** as follows:

1. The Court reserves ruling on the Motion to the extent that Marmaro challenges service of the Subpoena.

2. By May 15, 2019, Marmaro shall file either a notice of sufficiency of service or a supplement to its Motion challenging the Returns of Service filed by the Foreign Representative on May 8, 2019 [DE #57].

3. To the extent that Marmaro seeks an order quashing the Subpoena because of substantive objections to the areas of inquiry, the Motion is denied.

4. If Marmaro agrees that the Subpoena has now been properly served, or if the Court determines that service was sufficient,

Marmaro must respond to the Foreign Representative's document requests and produce a corporate representative for deposition.

5. To the extent that Marmaro seeks an order quashing the Subpoena because of challenges to the Foreign Representative's authority, the Motion is denied. Marmaro first articulated a comprehensive challenge to the Foreign Representative's authority in its reply brief [DE #52]. If Marmaro seeks to pursue this challenge, it must file a separate motion for relief from the Order Granting Recognition of Foreign Main Proceeding [DE #8] pursuant to Fed. R. Bankr. Pro. 9024 and Fed. R. Civ. Pro. 60.

6. To the extent that Marmaro seeks an order quashing the Subpoena based on a manifest injustice argument, the Motion is denied. Marmaro did not make that argument in its Motion, and the Court will not consider relief based on arguments first raised in reply briefs.

###

COPIES TO:
Barry Turner, Esq.
Michael Green, Esq.
Leyza Blanco, Esq.
Daniel Coyle, Esq.