

**ORDERED in the Southern District of Florida on October 10, 2019.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

VIACAO ITAPEMIRIM, S.A.,
*et al.*,

          Debtors.

CASE NO.  18-24871-BKC-RAM
CHAPTER  15

**ORDER GRANTING FOREIGN**
**REPRESENTATIVE'S MOTIONS FOR PROTECTIVE ORDER**

The Court conducted a hearing on September 18, 2019, on two motions for a protective order (together, the "Motions") [DE #93, 94] filed by Elias Mubarak Junior, the foreign representative of the Debtors (the "Foreign Representative").  The Motions were filed in response to discovery requests served by Pietre M & G Marble and Granite, LLC and its parent, Marmaro and Petrino Holdings,

1

Inc. (together, "P&M"). The discovery propounded by P&M is comprised of (i) a notice of Rule 2004 examination of the Foreign Representative [DE #92] (the "Examination Notice"), and (ii) a notice of Rule 2004 examination *duces tecum* requesting production by the Foreign Representative of 203 categories of documents [DE #86] (the "Document Request").

Approximately 18 of the 203 paragraphs in the Document Request seek documents relating to Camilo Cola Filho's residence and travel plans (the "Cola Filho Discovery"). These requests are improper. Mr. Cola Filho has counsel in this case, and issues relating to his residence and the sufficiency of service on him are pending. P&M have no standing to seek this information.

The bulk of the remaining requests, approximately 180 paragraphs, seek to obtain virtually all of the documents that the Foreign Representative has obtained in his quest to recover assets and seek virtually all communications between the Foreign Representative and numerous parties that had some relationship with the Debtors or their principals. Many of the requests mirror the requests served upon P&M as discovery targets, requests that the Foreign Representative properly characterizes as "boomerang discovery." *See* DE# 93, p. 5.

In paragraphs 201, 202 and 203 of the Document Request, P&M seeks discovery as part of its alleged investigation into whether the Foreign Representative presently has, or at the time of the

filing of the bankruptcy petition, had, the requisite authority to request and pursue relief under Chapter 15 of the U.S. Bankruptcy Code, 11 U.S.C. § 1501 *et seq. See, e.g.,* Response [DE #108, p.8] ("Pietre and Marmaro question the legitimacy of the Foreign Representative's motives and his authority to bring this proceeding, and they ought to be entitled to take discovery as to the Foreign Representative['s] acts and conduct with respect to the administration of the Debtors' estate.").

The Foreign Representative argues that neither Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004") nor Section 1521(a)(4) of the Bankruptcy Code ("§ 1521(a)(4)") authorize P&M to take discovery in this case. *See, e.g.,* Motions [DE #93, pp. 2-4; DE #94, pp.2-3] (only parties in interest can take Rule 2004 discovery); Reply [DE #112] (reiterating party-in-interest argument and arguing that only a foreign representative can take discovery in a chapter 15 proceeding). Moreover, both sides have submitted translated copies of Brazilian court papers that they contend support their respective positions with regards to the Foreign Representative's authority to prosecute this chapter 15 case.[1]

---

[1] *See* Notice of Filing [DE #113] (motion by a Brazilian bankruptcy prosecutor requesting replacement of the Debtors' bankruptcy trustee, EXM Partners; complaint by a shareholder/member of the Debtors' board of directors seeking to remove the Debtors' CEO, Helio de Oliveira Siquiera, and the Debtors' bankruptcy trustee, EXM Partners; appellate pleadings pertaining to (i) a bankruptcy

The Court has reviewed the pleadings in this case, including the Discovery Requests [DE #86, 92], the Motions [DE #93, 94], the Response [DE #108] and the Reply [DE #112], and the Notices of Filing [DE #113, 115], considered the arguments of counsel at the September 18th hearing, and reviewed applicable law.

## Discussion

A threshold question is whether any party other than the Foreign Representative may conduct discovery in a chapter 15 case. The Foreign Representative argues that the express language of § 1521(a)(4) authorizes discovery only by a foreign representative 11 U.S.C. § 1521(a)(4) ("[T]he court may, *at the request of the foreign representative*, grant any appropriate relief, including . . . providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities." (emphasis added)). This view has been discussed in secondary sources. *See* Patricia B. Tomasco & Sara C. Clark, *Heads I Win, Tails You Lose*, ABI JOURNAL, September 2019, at 26, 27.

---

court order finding that Camilo Cola Filho lacks standing to participate in the Debtors' Brazilian reorganization proceeding, and (ii) Andrea Correa Cola's action to suspend judicial sales of the Debtors' assets); Notice of Filing Orders Entered in Brazil Proceedings and Corresponding Translations [DE #115] (order reinstating the power of attorney granted to Mr. Helio de Oliveira Siquiera, the Debtors' CEO; order dismissing Andrea Correa Cola's action for injunctive relief).

P&M argues that Rule 2004 allows for discovery by any party in interest. Fed. R. Bankr. P. 2004(a) ("On motion of any party in interest, the court may order the examination of any entity."); *see also In re Transbrasil S.A. Linhas Aéreas*, 557 B.R. 240, 242-43 (Bankr. S.D. Fla. 2016) (finding that someone other than a foreign representative can take Rule 2004 discovery in a chapter 15 case provided such person has a pecuniary interest, and adopting the pecuniary-interest analysis of *In re Interpictures, Inc.*, 86 B.R. 24, 27 (Bankr. E.D.N.Y. 1988)).

The Court need not, and does not, reach the issue of whether § 1521(a)(4) bars P&M from taking discovery in this case or whether P&M has a pecuniary interest and, because of such interest, can propound Rule 2004 discovery requests. Deciding these issues is unnecessary because cause exists to grant the Motions even if the Court concludes that other parties can, in some circumstances, conduct discovery in a chapter 15 case, and concludes further that P&M has a pecuniary interest in this chapter 15 case.

First, to the extent that P&M seeks discovery of matters unrelated to the Foreign Representative's authority to pursue chapter 15 relief, including the so-called boomerang discovery and the Cola Filho discovery, the Court finds no cause under either Rule 2004 or § 1521(a)(4) to allow such discovery. Indeed, this discovery is wholly inappropriate. P&M has no pecuniary interest in this case in the traditional sense. P&M is neither a creditor

nor a shareholder of the Debtors, and has not appeared in any capacity in the Brazilian proceeding. It is a discovery target, and even if its status as a discovery target might give rise to some pecuniary interest, that type of interest is not cause for allowing the type of discovery that essentially amounts to a broad intrusion into the Foreign Representative's investigative pursuits. *See generally In re SunEdison, Inc.,* 562 B.R. 243, 249-250 (Bankr. S.D.N.Y. 2017) (describing the contours of appropriate Rule 2004 discovery and stating that "[a] party seeking to conduct a Rule 2004 examination typically shows good cause by establishing that the proposed examination 'is necessary to establish the claim of the party seeking the examination, or . . . denial of such request would cause the examiner undue hardship or injustice.'" (citations omitted)). In sum, the Court finds substantial cause to grant the Motions as to all of these document requests.

Second, any cause that P&M might have to take discovery to challenge the Foreign Representative's authority must be established in the context of a contested matter. *See In re Transbrasil*, 557 B.R. at 241-43 (allowing discovery only in connection with a pending motion to dismiss). No such contested matter is before the Court. To date, P&M has not formally challenged the recognition order [DE #8] that establishes the Foreign Representative's authority to prosecute this chapter 15 case.

Therefore, it is –

**ORDERED** as follows:

1.    The Motions are granted.

2.    The Foreign Representative is excused from producing the documents described in the Document Request.

3.    The Foreign Representative is excused from appearing for examination in response to the Examination Notice.

4.    This Order is without prejudice to P&M serving new discovery requests on the Foreign Representative if, and when, P&M initiates a contested matter, and provided that any such discovery is limited to investigation of matters relevant to the contested matter.    The Foreign Representative's right to object to any renewed discovery is preserved.

                                    ###

COPIES TO:

Barry Turner, Esq.
Michael Green, Esq.
Leyza Blanco, Esq.
Daniel Coyle, Esq.