

**ORDERED in the Southern District of Florida on October 21, 2019.**

**Robert A. Mark, Judge
United States Bankruptcy Court**

___

```
              UNITED STATES BANKRUPTCY COURT
               SOUTHERN DISTRICT OF FLORIDA
                      MIAMI DIVISION
```

|  |  |
|---|---|
| In re: | CASE NO.  18-24871-BKC-RAM |
|  | CHAPTER  15 |
| VIACAO ITAPEMIRIM, S.A., *et al.*, |  |
| Debtors. |  |

**ORDER (1) GRANTING FOREIGN REPRESENTATIVE'S MOTION TO RECONSIDER AND (2) DENYING COLA FILHO'S MOTION TO QUASH**

On May 14, 2019, the Court entered its Order Granting, Without Prejudice, Camilo Cola Filho's Motion to Quash (the "Order Granting Motion to Quash") [DE# 61].  That Order quashed a Notice of Rule 2004 Examination *duces tecum* (the "Subpoena") directed to Camilo Cola Filho ("Cola Filho") by Elias Mubarak Junior, the foreign

1

representative in this chapter 15 case (the "Foreign Representative").

After conducting further discovery, on July 17, 2019, the Foreign Representative filed a Motion to Reconsider [the Order Granting Motion to Quash] (the "Motion to Reconsider") [DE# 87]. The Court conducted a hearing on the Motion to Reconsider on September 18, 2019. Having reviewed the record in this case, including the Motion to Reconsider, Cola Filho's Response in Opposition to [the Motion to Reconsider] (the "Response") [DE #105], and the Foreign Representative's Reply [DE #111], and having reviewed applicable law, the Court finds cause to grant the Motion to Reconsider and to vacate the Order Granting Motion to Quash [DE #61]. For the reasons set forth below, the Court finds that service of the Subpoena directed to Cola Filho was sufficient under Rule 45 of the Federal Rules of Civil Procedure ("Rule 45").

### Factual and Procedural Background

Cola Filho is a former principal of the Debtors, and the Foreign Representative seeks to depose and receive document production from him. To that end, the Foreign Representative issued the Subpoena [DE #17] directing Cola Filho to produce documents, and appear for deposition, on March 4, 2019, in Miami, Florida. On February 8, 2019, a process server personally served the Subpoena on an individual named Kelly Araujo at an apartment located at 1643 Brickell Ave., Unit 3904, Miami, Florida (the

"Brickell Apartment") [DE #28-1; DE #56, p.5]. The issue before the Court is whether service of the Subpoena on Kelly Araujo at the Brickell Apartment was effective service on Cola Filho under Rule 45.

Cola Filho retained two attorneys, Mark A. Mintz, Esq., whom the Court admitted *pro hac vice* [DE #31], and local counsel Barry S. Turner, Esq. [DE #29]. On March 1, 2019, Cola Filho moved, via counsel, to quash the Subpoena (the "Motion to Quash") [DE #28]. These facts indisputably indicate that Cola Filho actually received the Subpoena within less than a month of service on Kelly Araujo.

The Court entered scheduling orders on the Motion to Quash [DE #33, 41]. In accordance with those scheduling orders, the Foreign Representative filed a response in opposition to the Motion to Quash [DE #43], Cola Filho filed a reply in support of his Motion to Quash [DE #51], and the Court conducted a hearing on the Motion to Quash on May 8, 2019.

The Return of Service [DE #28-1], and the pleadings before the Court as of the May 8th hearing date, supported an inference that, at the time of service of the Subpoena, Kelly Araujo was Cola Filho's wife and resided at the Brickell Apartment. In fact, the Motion to Quash stated that "[i]nstead of effectuating personal service, the Foreign Representative served the Subpoena on <u>Mr. Cola Filho's wife</u>." [DE #28, p.6] (emphasis added).

At the May 8, 2019 hearing on the Motion to Quash, Cola Filho's counsel, for the first time, stated that Kelly Araujo is a "worker" at the Brickell Apartment. Counsel also proffered a marriage certificate between Cola Filho and his wife, Flavia Nascimento Dos Santos. Cola Filho's counsel also stated that his client, Cola Filho, has not been in the United States since December 3, 2018. These facts are accepted as true for purposes of this Order.

As previously described, on May 14, 2019, the Court entered its Order Granting Motion to Quash. The Court interpreted Rule 45 as allowing substitute service of a subpoena where such service is reasonably calculated to ensure receipt by a deponent. Even so, the Court quashed the Subpoena "[b]ecause the evidence before the Court [was] insufficient to establish that the Foreign Representative effected substitute service on [Cola Filho]." The Court authorized the Foreign Representative to conduct discovery related to the sufficiency of his attempts to serve the Subpoena on Cola Filho, and if appropriate, to seek reconsideration.

Also, in the Order Granting Motion to Quash, the Court rejected Cola Filho's substantive objections to the areas of inquiry subject of the Subpoena. The Court stated that "[i]f the Foreign Representative properly serves the Subpoena or establishes that the Subpoena properly was served, [Cola Filho] must respond to the Subpoena." [DE #61, decretal paragraph 5].

4

**Additional Facts Establishing that the
Brickell Apartment was Cola Filho's Residence in Miami**

The Motion to Reconsider describes the results of the Foreign Representative's discovery on the issue of service of the Subpoena. Cola Filho filed a response in opposition to the Motion to Reconsider [DE #105], arguing that Cola Filho has always resided in Brazil. From those and other pleadings, including the Foreign Representative's reply [DE #111], together with the arguments of counsel at the September 18, 2019 hearing, the Court assumes the following facts for purposes of this opinion.

As stated earlier, a process server served the Subpoena on February 8, 2019, on Kelly Araujo, a housekeeper at the Brickell Apartment. Cola Filho has not been in the United States since December 3, 2018. However, his family lived in the Brickell Apartment until approximately May 2019. Cola Filho visited his family three times in 2018, each visit lasting two to three weeks, and his family spent holidays with Cola Filho in Brazil. When Cola Filho visited with his family in Miami, Florida, he lived in the Brickell Apartment. He is identified as a tenant or resident of the Brickell Apartment in leasehold papers, including forms submitted to the condominium association.

During the 2018-2019 school year (roughly August 2018 – May 2019), the Brickell Apartment was home to Cola Filho's wife and children. His minor children attended a local private school.

Cola Filho maintained a Florida driver's license and owned a vehicle registered in Florida. He paid rent for the Brickell Apartment from a Wells Fargo bank account jointly owned with his wife, and through a Florida business, Pietre M&G Marble and Granite, LLC, is named as the visa sponsor for his wife. Copies of rent checks and the Florida Department of Highway Safety & Motor Vehicle records all list the Brickell Apartment as Cola Filho's address.

In sum, the Foreign Representative has now established that Cola Filho's wife and children were living in the Brickell Apartment when the Subpoena was served and established that Cola Filho resided at the Brickell Apartment when he visited Miami. Cola Filho's counsel did not contest these basic facts at the September 18th hearing.

### It is Appropriate for the Court to Hear the Motion for Reconsideration

In his Response, Cola Filho argues that the Motion to Reconsider is improper under Fed R. Civ. P. 60 because the evidence regarding Cola Filho's ties to the Brickell Apartment could have been discovered prior to the hearing on the Motion to Quash [DE# 105, pp. 17-18]. The Court rejects this argument.

First, the Order Granting the Motion to Quash granted leave for the Foreign Representative to conduct further discovery relating to the sufficiency of service, essentially inviting the

filing of a motion to reconsider if the Foreign Representative discovered new, relevant evidence. The Court finds additional cause for reconsideration under Rule 60(b)(2), applicable here per Rule 9024 of the Federal Rules of Bankruptcy Procedure. Cola Filho did not challenge the process server's return of service describing Kelly Araujo as his wife until the May 8th hearing on his Motion to Quash [DE #28, p.6]. The Foreign Representative had no reason to initiate discovery on what appeared to be an undisputed fact. The fact discovery compiled by the Foreign Representative after, and because of proffers made during, the May 8, 2019 hearing is, under Rule 60(b)(2), cause to reconsider the Order Granting Motion to Quash.

### Applicable Standard for Service of a Subpoena

Rule 45 governs the adequacy of service of the Subpoena in this contested matter. Service of a subpoena in a bankruptcy case is the express and only subject of Rule 9016 of the Federal Rules of Bankruptcy Procedure, and Bankruptcy Rule 9016 incorporates by reference Rule 45.

Cola Filho's opposition to the Motion to Reconsider rests largely on his argument that substitute service of a subpoena must be accomplished under Florida law. As such, he argues that service must be made at the person's usual place of abode. The Court rejects this argument. Florida law is relevant to the adequacy of service of a summons and complaint under Rule 4(e)(1), Fed. R.

7

Civ. P., and Rule 7004(a)(1), Fed. R. Bankr. P. In fact, all of the Florida cases cited in Cola Filho's Response addressed service of complaints under Fla. Stat. § 48.031(1).

Cola Filho also cites to Fla. Stat. § 48.031(3). That section requires service of witness subpoenas in the same manner as service of a complaint, namely personal service or service at the person's usual place of abode. However, that is Florida law, and service of a federal subpoena under Rule 45, unlike service under Rule 4, does not provide for service under state law standards.[1] Only Rule 45 governs the adequacy of service of the Subpoena in this case.

Rule 45 requires that a subpoena be served by "delivering a copy to the named person." Fed. R. Civ. Pro. 45(b)(1). Although the Court is vacating its Order Granting Motion to Quash, the Court adopts its legal conclusion in that order, namely that Rule 45 allows for substitute service of a subpoena and that the relevant inquiry is whether service of the subpoena was "reasonably calculated" to ensure receipt of the subpoena by the deponent, *see, e.g., In re Falcon Air Express, Inc.,* No. 06-11877-BKC-AJC, 2008 WL 2038799 (Bankr. S.D. Fla. May 8, 2008).

---

[1] Cola Filho cites one federal case assessing adequacy of service of a subpoena by reference to Florida law, *Tec-Serv, LLC v. Crabb*, Case No. 11-62040-CIV-DIMITROULEAS/Snow, 2012 WL 12549912, at *2 (S.D. Fla. Dec. 5, 2012). That case is an unreported outlier with no meaningful discussion of the applicability of Rule 4 to subpoena service.

Ultimately, whether service is "reasonably calculated" to reach a deponent is a fact-specific inquiry. Courts have found substitute service to be effective when the subpoena is served on the housekeeper of a deponent or on a relative of a deponent. *See Crescom Bank v. Terry*, 269 F. Supp. 3d 708, 711 (D. S.C. 2017) (service on deponent's husband satisfies Rule 45); *Bozo v. Bozo*, Case No. 12-CV-24174-WILLIAMS, 2013 WL 12128680, at *1 (S.D. Fla. Aug. 16, 2013) (substitute service under Rule 45 is satisfied by personal delivery of subpoenas "upon a maid" of the deponent and by leaving subpoenas at the door of deponents' home "after the 'house manager' refused to open the door to accept service by hand'"); *In re Falcon Air Express, Inc.,* No. 06-11877-BKC-AJC, 2008 WL 2038799 (Bankr. S.D. Fla. May 8, 2008) (service on deponent's wife satisfies Rule 45).

Courts also have approved service by mail delivery and service on a deponent at an address other than the deponent's primary residence. *See Crescom Bank v. Terry*, 269 F. Supp. 3d 708, 711 (D. S.C. 2017) (service at a vacation home owned by deponent's company satisfies Rule 45); *S.E.C. v. Rex Venture Group, LLC,* No. 5:13-MC-004-WTH-PRL, 2013 WL 1278088, at *2 (M.D. Fla. 2013) (service of a subpoena by certified mail and federal express satisfies Rule 45); *Cordius Trust v. Kummerfeld*, No. 99 CIV. 3200 (DLC), 2000 WL 10268 (S.D.N.Y. Jan. 3, 2000) (service of a subpoena by certified mail satisfies Rule 45); *Codrington v. Anheuser-*

*Busch, Inc.,* No. 98-2417-CIV-T-26F, 1999 WL 1043861, at *1-2 (M.D. Fla. Oct. 15, 1999) (service of a subpoena via first class U.S. Mail satisfies Rule 45).

A deponent's actual and timely receipt of a subpoena is also a factor in considering whether service was "reasonably calculated" to reach the deponent under Rule 45. *See, e.g., Crescom Bank v. Terry*, 269 F. Supp. 3d 708, 711 (D. S.C. 2017) (a deponent's actual receipt of a subpoena in a timely fashion indicates the method of delivery was "reasonably calculated" to ensure receipt by the deponent). Focusing on actual receipt to evaluate sufficiency of service seems circuitous, but the reasoning in these cases makes sense. When weighing the facts, courts seek to strike a balance between the need for just and efficient administration of a case and the prejudice that might be visited on the examinee or examiner were service to be deemed effective or ineffective. *See, e.g., Cordius Trust v. Kummerfeld*, No. 99 CIV. 3200 (DLC), 2000 WL 10268 (S.D.N.Y. Jan. 3, 2000) (finding "the interpretive principle that the rules 'be construed and administered to secure the just, speedy, and inexpensive determination of every action,' Rule 1, Fed. R. Civ. P." supports allowing substitute service under Rule 45); *Codrington v. Anheuser-Busch, Inc.,* No. 98-2417-CIV-T-26F, 1999 WL 1043861, at *2 (M.D. Fla. Oct. 15, 1999) (Where "it is undisputed that [the deponent] received actual notice of the

10

subpoena, . . . requiring the Plaintiffs to personally serve the subpoena would result in mere undue delay.").

Courts have also focused on equitable considerations in assessing the relevance of actual receipt. *See Hall v. Sullivan*, 229 F.R.D. 501, 504 (D. Md. 2005) (agreeing with the conclusion reached in *Doe v. Hersemann*, 155 F.R.D.630, 631 (N.D. In. 1994), "that requiring personal service in order to effectuate delivery, even where the party served has not denied it received the subpoena and had an opportunity to protect its interests, 'would only serve to torture the rules and drive up the expense of litigation'—a conclusion that would be in direct contradiction to the directive of Rule 1" of the Federal Rules of Civil Procedure). The weight accorded a finding of actual receipt is significant. *See S.E.C. v. Rex Venture Group, LLC,* No. 5:13-MC-004-WTH-PRL, 2013 WL 1278088, at *2 (M.D. Fla. 2013) (identifying the purpose of service as putting a deponent on notice and finding such purpose effectuated where a deponent actually receives a subpoena).

Returning to the sufficiency of service here, the facts bear a striking resemblance to the facts at issue in *Falcon Air*, 2008 WL 2038799. In *Falcon Air*, a liquidating trustee served a subpoena on December 1, 2007, on the deponent's wife at a residence owned by the deponent. The deponent, "Fajardo," argued he had not lived at the residence since February 2007 and moved to quash the

11

subpoena. The court found Fajardo's arguments "to be unpersuasive," explaining as follows:

> Although Fajardo may not have resided there at that time, the substitute service was reasonably calculated to [e]nsure receipt of the subpoena by the witness, as evidenced by the fact that Fajardo both timely received the subpoena from his wife, and was able to file a timely motion to quash the subpoena.

*Falcon Air*, at *4 (citation omitted).

Like Fajardo, Cola Filho was maintaining at least two residences in February 2019 when the Subpoena was served, the Brickell Apartment, which was home for Cola Filho's family and his residence when he was in Miami, and at least one residence in Brazil. The Court does not reach the issue of whether Cola Filho "resided" in Brazil or in Miami, Florida, or which residence was Cola Filho's primary residence, at the time the Subpoena was served. For purposes of this Order, even if Cola Filho was not in the United States when the Subpoena was served, and even if Cola Filho resided in Brazil, Cola Filho maintained a presence at the Brickell Apartment sufficient for service on him at that location to be reasonable under Rule 45.

The sufficiency of service is more tenuous here given the added intermediary of service on a housekeeper. However, the Court can, and does, logically infer that the Subpoena served on the housekeeper was delivered to Cola Filho, whether directly or through his wife. This inference is strongly supported by the

12

indisputable fact that Cola Filho timely received and promptly, via counsel, sought to quash the Subpoena.

Equitable considerations also favor denying the Motion to Quash. The Foreign Representative proffered evidence suggesting that Cola Filho has evaded service in Brazil by declaring a Florida residence and declared a Brazilian residence when being served in Florida. [DE #111, pp.6-7]. The Court is not finding that Cola Filho has wrongfully evaded service either here or in Brazil. However, courts have found that wealthy deponents may not evade service by occupying multiple residences and enjoying the privilege of concierge and housekeeping services. *See Cordius Trust v. Kummerfeld*, No. 99 CIV. 3200 (DLC), 2000 WL 10268 (S.D.N.Y. Jan. 3, 2000) (finding Rule 45 allows for service of a subpoena by certified mail on a deponent who rebuffed attempts at personal service and whose doorman restricted a process server's access to a deponent's apartment).

Cola Filho's counsel argued that it would be unfair to compel Cola Filho to come to Miami to produce documents and appear for deposition just because he had notice of the Subpoena. The Foreign Representative responded by stating that he was not insisting on compliance in Miami. Instead, the Foreign Representative agrees to receive document production, and to depose Cola Filho, either in Florida or in Brazil. Cola Filho will not be prejudiced by appearing for deposition and producing documents where he claims

to reside. By contrast, the Debtors' estates would suffer undue delay and incur undue costs if required to re-serve Cola Filho in Brazil with a Subpoena that already is in Cola Filho's possession.

Therefore, it is -

**ORDERED** as follows:

1. The Motion to Reconsider is granted.

2. The Order Granting Motion to Quash is vacated.

3. The Motion to Quash is denied.

4. Cola Filho may satisfy his discovery obligations (i.e. appear for deposition and produce documents) in Brazil.

5. Cola Filho and the Foreign Representative shall make their best efforts to agree to a date, time, and place for Cola Filho's deposition and document production.

6. Unless otherwise agreed by the Foreign Representative, Cola Filho shall satisfy his discovery obligations by December 2, 2019.

###

COPIES TO:

Barry Turner, Esq.
Michael Green, Esq.
Leyza Blanco, Esq.
Daniel Coyle, Esq.