

**ORDERED in the Southern District of Florida on March 10, 2020.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

```
_____
                                )
                                )
In re:                          )    CASE NO.  18-24871-BKC-RAM
                                )    CHAPTER   15
VIACAO ITAPEMIRIM, S.A.,        )
et al.,                         )
                                )
             Debtors.           )
_____)
```

**ORDER (1) RESERVING**
**RULING AND SETTING FURTHER HEARING ON**
**MOTION TO DISMISS; (2) SETTING HEARING ON MOTION TO STAY**
**DISCOVERY; AND (3) SETTING BRIEFING DEADLINES AND REQUIREMENTS**

The Court conducted a hearing on February 24, 2020, on Camilo

Cola Filho's Motion to Dismiss or, in the Alternative, for

Abstention (the "Motion to Dismiss") [DE# 141].  The Foreign

Representative filed a response to the Motion to Dismiss (the "Response") [DE# 149] and Camilo Cola Filho ("Cola Filho") filed a reply in support of the Motion to Dismiss (the "Reply") [DE# 156].

The movant, Cola Filho, is the primary target of discovery being undertaken in this chapter 15 case by Elias Mubarak ("Mubarak" or "Foreign Representative"). Cola Filho seeks relief from this Court's December 28, 2018 Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code and Granting Related Relief (the "Recognition Order") [DE# 8]. Cola Filho argues that the Recognition Order is no longer appropriate and that the Court should dismiss this case. Among other things, he argues that the Debtors' confirmed reorganization plan does not provide for the pursuit of assets by the Foreign Representative and therefore, the grounds for this chapter 15 case have ceased to exist.

Prior to the February 24th hearing, the Court reviewed the record, including the Motion to Dismiss, the Response, the Reply, and the exhibits attached to these filings. The Court also reviewed additional filings relevant to the Motion to Dismiss, including Cola Filho's Notice of Filing Case Law Cited in Motion to Dismiss and Highlighted Translations [DE# 151], the Foreign Representative's Notice of Filing Declaration of Sidnei Piva de Jesus [DE# 159], the Foreign Representative's Notice of Filing

2

Translation of Exhibit 3 to [Response] [DE# 161] and the Sealed Document filed by Cola Filho [DE# 163].

After the February 24, 2020 hearing and prior to entry of this Order, Cola Filho filed his (I) Motion to Reopen Argument on Motion to Dismiss and (II) Notice of Filing the Brazilian Bankruptcy Court's March 2, 2020 Ruling (the "Motion to Reopen Argument") [DE# 165] and a Motion to Stay Discovery [DE# 164].

**Partial Ruling on Issues Raised in the Motion to Dismiss**

At the February 24th hearing, the Court announced its ruling on several issues raised by the parties in their papers and in their argument, including the following:

A.   The Court rejects the Foreign Representative's procedural argument that Cola Filho is seeking relief from a prior Order and is doing so without meeting the standards in Fed. R. Civ. P. 60(b).  Cola Filho is not relying on Rule 60(b) and does not need to rely on Rule 60(b).  11 U.S.C. § 1517(d) provides "the provisions of this subchapter do not prevent modification or termination of recognition if it is shown that the grounds for granting it were fully or partially lacking or have ceased to exist ..." (emphasis added).

B.    Cola Filho argues that this case should be dismissed for failure to satisfy 11 U.S.C. § 109(a)'s requirement that a debtor have property in the United States.   The Court rejects this argument.  Cola Filho relies on *Drawbridge Special Opportunities*

3

*Fund LP v. Barnet (In re Barnet)*, 737 F.3d 238, 247 (2d Cir. 2013).
This Court declined to follow *Barnet* in a prior chapter 15 case
and continues to reject the Second Circuit's holding that § 109
applies in chapter 15 cases.  *In re MMX Sudeste Mineracao S.A.*,
No. 17-16113 (Bankr. S.D. Fla. Nov. 7, 2017) (Order Denying
Objection to Recognition and Motion to Dismiss Chapter 15 Case).
Moreover, even if § 109 did apply, the Court finds that the
Debtors' funds held in a trust account by counsel for the Foreign
Representative satisfy the § 109 requirement.  This Court so held
in the MMX Order cited above, and courts in other jurisdictions
have ruled similarly.  *See e.g., In re Octaviar Admin. Pty. Ltd.*,
511 B.R. 361, 372-73 (Bankr. S.D.N.Y. 2014) ("There is a line of
authority that supports the fact that prepetition deposits or
retainers can supply 'property' sufficient to make a foreign debtor
eligible to file in the United States").

C.   The Foreign Representative argues that Cola Filho lacks
standing to prosecute the Motion to Dismiss because he is not a
creditor of the Debtors and is suffering no cognizable injury in
this case.   The Court rejects this argument.   Section 1522(c)
authorizes the Court to modify or terminate relief granted upon
recognition at the request of the Foreign Representative "or an
entity affected by relief granted under § 1519 or 1521."   Cola
Filho certainly qualifies as an entity affected by the Recognition
Order.

4

**Determining Whether this Chapter 15
Case Remains Authorized May Require
Clarification from the Brazilian Court**

As announced at the February 24th hearing, the Court believes it may be appropriate to send a written request to the Brazilian judge administering the underlying reorganization.  The request would ask for clarification on whether this chapter 15 case remains authorized after confirmation of the Debtors' reorganization plan. This type of request is authorized by § 1525(b), which provides that a chapter 15 court "is entitled to communicate directly with, or request information or assistance directly from, a foreign court or a foreign representative, subject to the rights of a party in interest to notice and participation." *See In re Zhejiang Topoint Photovoltaic  Co.,  Ltd*,  600  B.R.  312  (Bankr.  D.  N.J. 2019)(describing  a  letter  sent  by  the  bankruptcy  judge  to  the foreign  court  and  relying  on  the  foreign  court's  response  in determining  whether  the  foreign  case  continued  to  qualify  as  a foreign proceeding).

In his post-hearing filings, Cola Filho cites to a March 2, 2020 Brazilian court Order (the "March 2nd Order") that he argues confirms  that  any  claims  against  Cola  Filho  are  not  within  the scope  of  the  Brazilian  reorganization.   *See*  Motion  to  Reopen Argument, DE# 166, p. 2 and translation of March 2nd Order at pp. 7-10.

After reviewing the March 2nd Order, the Court finds cause to grant the Motion to Reopen Argument, set a further hearing on the Motion to Dismiss, and set briefing deadlines.  A request for specific clarification from the Brazilian Court may still be necessary and appropriate, and this Order will also require the parties to submit proposed written requests.

For these reasons, it is –

**ORDERED** as follows:

1.   The Motion to Reopen Argument is granted.

2.   The Court will conduct a further hearing on the Motion to Dismiss on **April 1, 2020** at **10:00 a.m.**, at the U.S. Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Courtroom 4, Miami, FL  33128.

3.   The April 1st hearing will also be a hearing on the Motion to Stay Discovery.

4.   By March 23, 2020, the Foreign Representative shall file a response to the Motion to Stay Discovery and also a response to Cola Filho's argument that the March 2nd Order confirms that this chapter 15 case and, in particular, the use of this chapter 15 to pursue discovery against Cola Filho, is beyond the scope of the Debtors' Brazilian reorganization.

5.   By March 30, 2020, Cola Filho may file a reply in support of his Motion to Stay Discovery, and a reply to any argument that

the Foreign Representative makes regarding the significance and

interpretation of the March 2nd Order.

6.     By <u>March 30, 2020</u>, both the Foreign Representative and

Cola Filho, shall file a Notice of Filing of Proposed Request to

Brazilian Court, attaching a proposed letter to the Brazilian court

requesting clarification on whether this chapter 15 case remains

authorized.   At the April 1st hearing, the Court will determine

whether it will be necessary to submit a request for clarification

and, if so, the appropriate form of the request.

7.     As  provided  by  LR  7026-1(E)(2),  discovery  is  stayed

pending  the  Court's  ruling  on  Cola  Filho's  Motion  to  Stay

Discovery.

###

COPIES TO:

Barry S. Turner, Esq.
Gary M. Freedman, Esq.
Leyza Blanco, Esq.