

**ORDERED in the Southern District of Florida on June 3, 2020.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| In re: | CASE NO.  18-24871-RAM |
|  | CHAPTER  15 |
| VIACAO ITAPEMIRIM, S.A., *et al.*, |  |
| Debtors. |  |

**ORDER (1) RESERVING RULING
ON MOTION TO DISMISS; AND (2)
<u>GRANTING MOTION TO STAY DISCOVERY</u>**

The Court conducted a hearing on May 14, 2020, on Camilo Cola Filho's Motion to Dismiss or, in the Alternative, for Abstention (the "Motion to Dismiss") [DE# 141], on Camilo Cola Filho's Motion to Stay Discovery [DE# 164] (the "Motion to Stay Discovery"), and on the Foreign Representative's Motion to File Documents from Chapter 15 Incident File and Arguments Relating Thereto Under Seal,

For *in Camera* Review, or, in the Alternative, Motion to Extend Time to Present Argument Related to Sealed Incident File [DE# 182] (the "Motion to Seal").

The Court has considered the record, including the Motion to Dismiss, the Motion to Stay Discovery, the Motion to Seal, and the several papers filed in support of, or in opposition to, those three motions. The Court has also considered Cola Filho's Notice of Filing Proposed Request to Brazilian Court [DE# 181], the Foreign Representative's Notice of Filing Proposed Correspondence to Brazilian Court [DE# 180], and the arguments of counsel presented at the May 14th hearing.

## The Arguments for and Against Dismissal

Cola Filho argues that this case must be dismissed because it is no longer serving the chapter 15 purpose of providing assistance in the Debtors' Brazilian bankruptcy case (the "Brazilian Case"). First, he argues that the reorganization plan confirmed in the Brazilian Case on May 14, 2019, does not contemplate, or refer to, litigation against Cola Filho or others as a means for implementing the plan. Second, he cites to a recent order entered by the judge presiding over the Brazilian Case, Judge Joao de Oliveira Rodrigues Filho ("Judge Joao"), specifically a March 2, 2020 Order (the "March 2nd Order") entered in an incident file. In that order, Judge Joao referred to litigation against former or current shareholders and

stated that these liability actions "are outside the scope of the court-supervised reorganization" [DE# 165, p. 8].

The Foreign Representative argues that neither of these reasons justify dismissal. He cities to the Minutes from the Creditor's meeting held in the Brazilian Case on April 22, 2019 (the "Minutes") [DE# 149-5]. The Minutes refer to comments by the Foreign Representative at the Creditors' Meeting, including the following:

> Mr. Elias reported that there are indications of a crime committed by the former shareholders of the companies in the international sphere, which is why a proceeding was established to investigate the diversion of amounts in the United States. Therefore, if any amount is determined in the sphere, it shall be used exclusively to pay creditors here in Brazil.

The Foreign Representative notes that the Minutes were filed in the Brazilian Case and argues that the Minutes are legally significant and incorporated into the plan.

The Foreign Representative also argues that the March 2nd Order addresses only the venue of proceedings against former or current shareholders and does not state or mean that recoveries from proceedings against current or former shareholders are outside the scope of the Brazilian Case.

### The Court Finds it Necessary to Seek Clarification from the Brazilian Court

At the conclusion of the February 24, 2020 hearing on the Motion to Dismiss, the Court proposed sending a letter to the Brazilian court seeking clarification as to whether this chapter 15 case

remains authorized after confirmation of the Debtors' plan. The purpose of the May 14th hearing was to determine if sending a letter was unnecessary because this Court could decide with reasonable certainty whether the Motion to Dismiss should be granted or denied.

After considering the record, including the arguments presented by Brazilian counsel for each side, the Court finds that it should seek clarification from the Brazilian Court. Simply put, this Court cannot determine with reasonable certainty whether the events in the Brazilian Case support dismissal or continuation of this chapter 15 case. Therefore, it is -

**ORDERED** as follows:

1. The Motion to Stay Discovery is granted without prejudice. The Foreign Representative may not issue new discovery requests or pursue enforcement of outstanding requests unless the stay is lifted. The stay does not prevent the Foreign Representative from receiving documents voluntarily produced in response to outstanding discovery requests. The Foreign Representative may move to lift the stay if, and when, the Court denies the Motion to Dismiss.

2. As authorized by 11 U.S.C. § 1525(b), the Court will ask the Brazilian Court whether this chapter 15 case continues to provide assistance to the Brazilian Case after confirmation of the Debtors' reorganization plan. The form of the request is in a letter attached as Exhibit "A" to this Order.

4

3. The Court will send Judge Joao a copy of this Order with the letter and finds that the letter and Order should be sent in both English and Portuguese. By June 17, 2020, the Foreign Representative and Cola Filho shall reach agreement on a Certified Translator and file a Portuguese translation of the letter and this Order.  The Court will include the translation in its correspondence to Judge Joao together with a copy of the March 2nd Order in Portuguese that was included in DE#165, pp. 11 to 15.

4. The Court reserves ruling on the Motion to Dismiss pending a response from the Brazilian Court.

5. The Motion to Seal is denied without prejudice.

###

COPIES TO:

Barry S. Turner, Esq.
Gary M. Freedman, Esq.
Leyza Blanco, Esq.



**EXHIBIT A**

**Letter Request to Brazilian Court**

*UNITED STATES BANKRUPTCY COURT*
*SOUTHERN DISTRICT OF FLORIDA*

*C. CLYDE ATKINS UNITED STATES COURTHOUSE*
*301 NORTH MIAMI AVENUE, ROOM 417*
*MIAMI, FLORIDA  33128*

**ROBERT A. MARK**
*United States Bankruptcy Judge*
*(305) 714-1762*

June 3, 2020

Court of Appeals of the State of São Paulo
Judicial District of São Paulo
Central Civil Courts

1st Lower Court of Liquidations and Court-Supervised Reorganizations
Praca João Mendes, no number, Room 1805, Downtown
Postal Code 01501-900
Telephone: (11)2171-6505,
São Paulo, State of São Paulo
E- mail:  sp1 falcencias@tjsp.jus.br

Re:     *In re Viacão Itapemirim, S.A., et al.* – Case No. 18-24871-RAM (Bankr. S.D. Fla. 2018) ("Ancillary Case")

6

Dear Honorable Judge João de Oliveira Rodrigues Filho:

      I am the judge in a chapter 15 case ancillary to the Brazilian bankruptcy of Viacão Itapemirim, S.A. ("Itapemirim"). You are the presiding judge in Itapemirim's reorganization case in Brazil, and I am writing to seek your assistance. I will refer to the ancillary case pending before me in the United States as the "Ancillary Case," and to the reorganization case pending before you in Brazil as the "Brazilian Case."

      As explained in more detail in this letter, my primary question is whether the Ancillary Case continues to provide assistance to the Brazilian Case after approval of Itapemirim's Reorganization Plan on May 14, 2019. Section 1525(a)(4) of the U.S. Bankruptcy Code provides the statutory authority for me to request assistance from you. That section states that the U.S. judge in a chapter 15 case is "entitled to communicate directly with, or to request information or assistance directly from, a foreign court."

      On January 2, 2019, I granted recognition to the Brazilian Case and specifically permitted Elias Mubarak, as foreign representative (the "Foreign Representative"), to examine witnesses and/or take evidence or the delivery of information concerning Itapemirim's assets, affairs, rights, obligations or liabilities. The Foreign Representative seeks to examine witnesses and obtain documents regarding several individuals and entities, including Camilo Cola Filho ("Cola Filho"), other members of the Cola Filho family, and other individuals and entities associated with Cola Filho. The Foreign Representative believes such information could support claims against Cola Filho, or related individuals and entities, for recovery of monies or property.

      Cola Filho filed a motion to dismiss the Ancillary Case. He argues that the reorganization plan confirmed in the Brazilian Case on May 14, 2019 (the "Plan") and a March 2, 2020 order entered by you in incident file no. 0088488-92.2018.8.26.0100 (the "March 2 Order") establish that the Foreign Representative's investigation of the Cola Filho family's affairs no longer serves the chapter 15 purpose of providing assistance to the Brazilian Case. According to Cola Filho, the Plan does not contemplate, or refer to, litigation against Cola Filho or others as a means for funding or otherwise implementing the Plan. Additionally, your March 2 Order expressly provides that litigation against former or current shareholders, such as Cola Filho, is "outside the scope of the court-supervised reorganization." A copy of your March 2 Order is enclosed with this letter.

      The Foreign Representative disputes Cola Filho's interpretation of the Plan and your March 2, 2020 order. He contends that the following excerpt from the Minutes of a Creditor's meeting held in the Brazilian Case on April 22, 2019, are legally significant and incorporated into the Plan:

> Mr. Elias reported that there are indications of a crime committed by the former shareholder of the companies in the international sphere, which is why a proceeding was established to investigate the diversion of amounts in the United States. Therefore, if any amount is determined in the sphere, it shall be used exclusively to pay creditors here in Brazil.

7

He also argues that the March 2nd Order addresses only the venue of proceedings against former or current shareholders and does not state or mean that recoveries from any such proceedings are outside the scope of the Brazilian Case.

After conducting hearings on Cola Filho's motion to dismiss the Ancillary Case, I cannot determine with reasonable certainty whether the events that have occurred in the Brazilian Case support dismissal or whether the Ancillary Case may continue. Therefore, on June 3, 2020, I entered an order deferring ruling on Cola Filho's motion to dismiss and stating my intention to seek your guidance. A copy of that order is enclosed with this letter.

Based upon the arguments presented to me, here are my questions:

1. Does the Plan include the pursuit of litigation claims against Cola Filho, or against related individuals or entities, as a means to provide payment to Itapemirim's creditors? For purposes of the Ancillary Case, I am not asking whether Itapemirim may pursue claims against Cola Filho. The question is whether the investigation into those claims can be done in the Ancillary Case. The answer to that question depends on whether claims against Cola Filho can be pursued as part of the Brazilian Case.

2. A related question is this: If money is recovered in any claims brought against Cola Filho, will the money be distributed to creditors under the Plan under your continued supervision of the Brazilian Case or would those monies be paid to Itapemirim outside the scope of the Brazilian Case?

I look forward to your reply.

> Very truly yours,
>
> ROBERT A. MARK
> United States Bankruptcy Judge

RAM:mgg