UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

VIACAO ITAPEMIRIM, S.A. *et al.*                    Case No.: 18-24871-RAM

      Debtors in Foreign Proceeding.                    Chapter 15

_____/

### NOTICE OF FILING TRANSLATION

      Camilo Cola Filho ("Mr. Cola Filho"), by undersigned counsel, files the certified translation of the *Order (1) Reserving Ruling on Motion to Dismiss; and (2) Granting Motion to Stay Discovery* (ECF#189).

      Respectfully submitted this 18th day of June 2020.

**DUNN LAW, P.A.**
66 West Flagler Street, Suite 400
Miami, Florida 33130
Email: barry.turner@dunnlawpa.com
Tel: (786) 433-3866
Fax: (786) 260-0269
By:    */s/ Barry S. Turner*
        Barry S. Turner, Esq.
        Florida Bar No. 85535

and

**NELSON MULLINS BROAD AND CASSEL**
One Biscayne Tower, 21st Floor
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone:    305.373.9449
Fax:    305.373.9443
Email: gary.freedman@nelsonmullins.com

By:    */s/ Gary M. Freedman*

1

Gary M. Freedman
Florida Bar No. 727260

**_Counsel for Camilo Cola Filho_**

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served via Notice of

Electronic Filing (CM/ECF) on this 18th day of June 2020, upon all registered users in this case.

By:    _/s/ Barry S. Turner_
       Barry S. Turner, Esq.

*LESLIE BENZAKEIN*
**Tradutora Pública e Intérprete Comercial**
*Rua Iperoig, 527 – Perdizes 05016-000 São Paulo – SP*
*Tel/Fax: (011) 2849-0570    E-mail: Lesliebenz@gmail.com*
*RG: 18.106.372-4    CPF: 129.016.148-84    CCM: 2.937.117-1*
*Matriculada na Jucesp sob o nº 1143*
*Idiomas: Inglês e Francês*

---

*Tradução nº 715*                    *Livro nº 10*                    *Folha nº 378*

---

*Certifico e dou fé, para os devidos fins, que nesta data me foi apresentado um documento no idioma inglês o qual traduzo para o vernáculo no seguinte teor:*

Processo 18-24871-RAM    Doc 189            Protocolado em 03/06/20    Página 1 de 8



## **<u>DECIDIDO</u> no Distrito Sul da Flórida em 3 de junho de 2020.**

---

**Robert A. Mark, Juiz**
**Tribunal de Falências dos Estados Unidos**

### **TRIBUNAL DE FALÊNCIAS DOS ESTADOS UNIDOS**
### **DISTRITO DO SUL DA FLÓRIDA**

| | |
|---|---|
| In re: | PROCESSO No. 18-24871-RAM |
| | CAPÍTULO 15 [*N.T.: do Código de Falência dos Estados Unidos*] |
| VIAÇÃO ITAPEMIRIM, SA, *et al.*, | |
| Devedores. | |

### **DETERMINAÇÃO (1) POSTERGANDO A**
### **DECISÃO ACERCA DE PEDIDO PARA EXTINÇÃO**
### **DO PROCESSO; E (2)**
### **<u>CONCEDENDO O PEDIDO PARA SUSPENSÃO DE PRODUÇÃO DE PROVAS</u>**

O Tribunal realizou uma audiência em 14 de maio de 2020, sobre o Pedido de Extinção do Processo de Camilo Cola Filho ou, alternativamente, para Abstenção (o "Pedido de Extinção") [DE# 141], sobre o Pedido de Suspensão de produção de Provas feito por Camilo Cola Filho [DE# 164] (o "Pedido para Suspensão de produção de Provas"), e o Pedido do Representante Estrangeiro de Protocolar os Documentos do Processo Incidental do Capítulo 15 [*N.T.: do Código de Falência dos Estados Unidos*] e os Argumentos Relativos aos mesmos sob Sigilo, [...]

Este documento foi assinado digitalmente por Leslie Benzakein.
Para verificar as assinaturas vá ao site https://www.portaldeassinaturas.com.br:443 e utilize o código AB4F-3BE4-89FA-0491.

Este documento foi assinado digitalmente por Leslie Benzakein. Para verificar as assinaturas vá ao site https://www.portaldeassinaturas.com.br:443 e utilize o código AB4F-3BE4-89FA-0491.

[...] para Análise em segredo de justiça ex-parte ou, alternativamente, o Pedido para Estender o Prazo para Apresentar Argumentos relacionados ao Processo Incidental sob Sigilo [DE# 182] (o "Pedido de Segredo de Justiça").

O Tribunal considerou os autos, incluindo o Pedido de Extinção, o Pedido de Suspensão de produção de Provas, o Pedido de Segredo de Justiça, e os vários documentos apresentados para sustentação, ou oposição, desses três pedidos. O Tribunal também considerou o Aviso de Ajuizamento do Pedido Proposto perante um Tribunal Brasileiro por parte de Cola Filho [DE# 181], o Aviso de Ajuizamento de Correspondência Proposto perante um Tribunal Brasileiro por parte do Representante Estrangeiro [DE# 180] e os argumentos dos advogados apresentados na audiência de 14 de maio.

### <u>Os Argumentos a Favor e Contra a Extinção</u>

Cola Filho argumenta que este processo deve ser indeferido porque não atende mais ao propósito do capítulo 15 de prestar assistência no caso brasileiro de falência (o "Caso Brasileiro") dos Devedores. Primeiro, ele argumenta que o plano de recuperação judicial confirmado no Caso Brasileiro em 14 de maio de 2019 não contempla nem se refere a litígios contra Cola Filho ou outros como meio de implementação do plano. Em segundo lugar, ele cita uma decisão recente do juiz que preside o Caso Brasileiro, Juiz João de Oliveira Rodrigues Filho ("Juiz João"), mais especificamente uma decisão interlocutória de 2 de março de 2020 (a "Ordem de 2 de março") registrada em um processo incidental. Naquela decisão, o Juiz João se referiu a litígios contra antigos ou atuais acionistas e [...]

Este documento foi assinado digitalmente por Leslie Benzakein.
Para verificar as assinaturas vá ao site https://www.portaldeassinaturas.com.br:443 e utilize o código AB4F-3BE4-89FA-0491.

*Tradução nº 715*                              *Livro nº 10*                              *Folha nº 380*

[...] afirmou que essas ações de responsabilidade "estão fora do escopo da recuperação judicial" [DE# 165, p. 8].

O Representante Estrangeiro argumenta que nenhuma dessas razões justifica a extinção do processo. Ele cita a Ata da assembleia geral de Credores realizada no Caso Brasileiro em 22 de abril de 2019 (a "Ata") [DE# 149-5]. A Ata se refere a comentários feitos pelo Representante Estrangeiro na Assembleia Geral de Credores, incluindo o seguinte:

> O Dr. Elias informou que existem indícios de cometimento de crime pelos antigos acionistas das empresas na esfera internacional, motivo pelo qual foi instaurado procedimento para apuração de desvio de quantias nos Estados Unidos. Sendo assim, se apurado qualquer valor naquela esfera, será utilizado exclusivamente para pagar credores aqui no Brasil.

O Representante Estrangeiro observa que a Ata foi protocolada no Caso Brasileiro e argumenta que a Ata é legalmente significativa e incorporada ao plano.

O Representante Estrangeiro também argumenta que a Decisão Interlocutória de 2 de março trata apenas do foro dos processos contra acionistas antigos ou atuais e não declara nem quer dizer que as indenizações obtidas em decorrência de processos contra acionistas atuais ou antigos estejam fora do escopo do Caso Brasileiro.

**O Tribunal Considera Necessário**

**<u>Buscar Esclarecimentos junto ao Tribunal Brasileiro</u>**

Na conclusão da audiência de 24 de fevereiro de 2020 sobre o Pedido de Extinção do Processo, o Tribunal propôs o envio de uma carta ao Tribunal brasileiro buscando esclarecimentos para saber se este caso do capítulo 15 [...]

3

Este documento foi assinado digitalmente por Leslie Benzakein.
Para verificar as assinaturas vá ao site https://www.portaldeassinaturas.com.br:443 e utilize o código AB4F-3BE4-89FA-0491.

[...] permanece autorizado após confirmação do plano dos Devedores. O objetivo da audiência de 14 de maio foi determinar se o envio de uma correspondência era desnecessário, porque este Tribunal poderia decidir com razoável certeza se o Pedido para Extinção do Processo deveria ser concedido ou negado.

Após análise dos autos, incluindo os argumentos apresentados pelos advogados brasileiros de cada parte, o Tribunal considera que deve buscar esclarecimentos junto ao Tribunal Brasileiro. Em termos simples, este Tribunal não pode determinar com razoável certeza se os eventos do Caso Brasileiro sustentam a extinção ou a continuação deste processo do capítulo 15. Portanto, fica -

**DETERMINADO** o quanto segue:

1. O Pedido para Suspensão de produção de Provas é concedido sem prejuízo. O Representante Estrangeiro não pode emitir novos pedidos de produção de provas nem prosseguir com a execução de pedidos pendentes, a menos que a suspensão seja revogada. A suspensão não impede o Representante Estrangeiro de receber documentos apresentados voluntariamente em resposta a solicitações de provas pendentes. O Representante Estrangeiro pode solicitar a revogar a suspensão se, e quando, o Tribunal negar o Pedido de Extinção do Processo.

2. Conforme autorizado por 11 USC § 1525 (b), o Tribunal perguntará ao Tribunal Brasileiro se este caso do capítulo 15 continua a prestar assistência ao Caso Brasileiro após confirmação do plano de recuperação judicial dos Devedores. O formulário da solicitação se encontra em uma carta anexada como Anexo "A" a esta Decisão.

Este documento foi assinado digitalmente por Leslie Benzakein.
Para verificar as assinaturas vá ao site https://www.portaldeassinaturas.com.br:443 e utilize o código AB4F-3BE4-89FA-0491.

5

Este documento foi assinado digitalmente por Leslie Benzakein.
Para verificar as assinaturas vá ao site https://www.portaldeassinaturas.com.br:443 e utilize o código AB4F-3BE4-89FA-0491.

*LESLIE BENZAKEIN*

*Tradução nº 715*                                    *Livro nº 10*                                    *Folha nº 382*

Processo 18-24871-RAM      Doc 189                    Protocolado em 03/06/20      Página 5 de 8

3.    O Tribunal enviará ao Juiz João uma cópia desta Decisão com a carta e conclui que a carta e a Decisão devem ser enviadas tanto em inglês quanto em português. Até 17 de junho de 2020, o Representante Estrangeiro e Cola Filho deverão chegar a um acordo sobre um Tradutor Juramentado e protocolar uma tradução para o português da carta e desta Decisão. O Tribunal incluirá a tradução em sua correspondência ao Juiz João, juntamente com uma cópia da Decisão interlocutória de 2 de março em português que foi incluída na DE# 165, págs. 11 a 15.

4.    O Tribunal posterga a decisão sobre o Pedido de Extinção do Processo, no aguardo de uma resposta do Tribunal Brasileiro.

5.    O Pedido de Segredo de Justiça é negado sem prejuízo.

### 

CÓPIAS PARA:

Dr. Barry S. Turner
Dr. Gary M. Freedman
Dra. Leyza Blanco

5

Este documento foi assinado digitalmente por Leslie Benzakein.
Para verificar as assinaturas vá ao site https://www.portaldeassinaturas.com.br:443 e utilize o código AB4F-3BE4-89FA-0491.

Este documento foi assinado digitalmente por Leslie Benzakein.
Para verificar as assinaturas vá ao site https://www.portaldeassinaturas.com.br:443 e utilize o código AB4F-3BE4-89FA-0491.

*Tradução nº 715*                           *Livro nº 10*                           *Folha nº 383*



**ANEXO A**

**Solicitação de Carta ao Tribunal Brasileiro**

*TRIBUNAL DE FALÊNCIAS DOS ESTADOS UNIDOS*
*DISTRITO DO SUL DA FLÓRIDA*

*TRIBUNAL C. CLYDE ATKINS DOS ESTADOS UNIDOS*
*301 NORTH MIAMI AVENUE, SALA 417*
*MIAMI, FLORIDA 33128*

**ROBERT A. MARK**
**Juiz de Falências dos Estados Unidos**
**(305) 714-1762**

3 de junho de 2020

Tribunal de Justiça do Estado de São Paulo
Vara Judicial de São Paulo
Tribunais Cíveis Centrais

1ª Vara de Falências e Recuperações Judiciais
Praça João Mendes, sem número, Sala 1805, Centro
CEP 01501-900
Telefone: (11) 2171-6505,
São Paulo, Estado de São Paulo
E- mail: sp1_falencias@tjsp.jus.br

Re:     *In re Viação Itapemirim, S.A., et al.* - Processo nº 18-24871-RAM (Bankr. SD
        Fla. 2018) ("Processo Incidental")

Este documento foi assinado digitalmente por Leslie Benzakein.
Para verificar as assinaturas vá no site https://www.portaldeassinaturas.com.br:443 e utilize o código AB4F-3BE4-89FA-0491.

Ilustríssimo Sr. Juiz João de Oliveira Rodrigues Filho:

Eu sou o juiz em um processo incidental do capítulo 15 [*N.T.: do Código de Insolvência dos Estados Unidos – United States Bankruptcy Code*] ao processo de recuperação judicial brasileira da Viação Itapemirim, S.A. ("Itapemirim"). Vossa Excelência é o juiz que preside o processo de recuperação judicial da Itapemirim no Brasil e lhe escrevo para solicitar sua assistência. Me referirei ao processo incidental em curso sob minha responsabilidade nos Estados Unidos como o "Processo Incidental", e ao processo de recuperação judicial em curso perante Vossa Excelência no Brasil como o "Caso Brasileiro".

Conforme explicado de forma mais detalhada nesta carta, a minha pergunta principal é se o Processo Incidental continua a prestar assistência ao Caso Brasileiro após a aprovação do Plano de Recuperação Judicial da Itapemirim em 14 de maio de 2019. A Seção 1525 (a) (4) do Código de Falências dos EUA fornece a autoridade legal para que eu possa solicitar assistência de Vossa Excelência. A seção em questão afirma que o juiz dos EUA, frente a um processo decorrente do capítulo 15 "tem o direito de se comunicar diretamente com, ou solicitar informações ou assistência diretamente de um tribunal estrangeiro".

Em 2 de janeiro de 2019, concedi a admissibilidade do Caso Brasileiro e permiti especificamente a Elias Mubarak, enquanto representante estrangeiro (o "Representante Estrangeiro"), que ouvisse testemunhas e/ou obtivesse provas ou a entrega de informações relativas aos bens, negócios, direitos, obrigações ou passivos da Itapemirim. O Representante Estrangeiro busca ouvir testemunhas e obter documentos referentes a vários indivíduos e entidades, incluindo Camilo Cola Filho ("Cola Filho"), outros membros da família Cola Filho e outros indivíduos e entidades associados a Cola Filho. O Representante Estrangeiro acredita que essas informações podem embasar demandas contra Cola Filho, ou indivíduos e entidades relacionados, para a recuperação de dinheiro ou bens.

Cola Filho apresentou um pedido para a extinção do Processo Incidental. Ele argumenta que o plano de recuperação judicial confirmado no Caso Brasileiro em 14 de maio de 2019 (o "Plano") e uma decisão interlocutória de 2 de março de 2020 inserida por Vossa Excelência no processo incidental nº. 0088488-92.2018.8.26.0100 (a "Ordem de 2 de março") estabelece que a investigação do Representante Estrangeiro sobre os assuntos da família Cola Filho não serve mais ao propósito do capítulo 15 de prestar assistência ao Caso Brasileiro. De acordo com Cola Filho, o Plano não contempla, nem se refere a litígios contra Cola Filho ou outros, como forma de financiar ou implementar o Plano. Além disso, a Decisão de Vossa Excelência de 2 de março estabelece expressamente que o litígio contra acionistas antigos ou atuais, como Cola Filho, está "fora do escopo da recuperação judicial". Uma cópia de sua Decisão interlocutória de 2 de março está anexada a esta carta.

O Representante Estrangeiro contesta a interpretação de Cola Filho acerca do Plano e sua Decisão interlocutória de 2 de março de 2020. Ele argumenta que o seguinte trecho da ata da assembleia geral de credores realizada no caso brasileiro em 22 de abril de 2019 tem valor legal e é incorporado ao Plano:

> O Dr. Elias informou que existem indícios de cometimento de crime pelos antigos acionistas das empresas na esfera internacional, motivo pelo qual foi instaurado procedimento para apuração de desvio de quantias nos Estados Unidos. Sendo assim, se apurado qualquer valor naquela esfera, será utilizado exclusivamente para pagar credores aqui no Brasil.

Este documento foi assinado digitalmente por Leslie Benzakein.
Para verificar as assinaturas vá ao site https://www.portaldeassinaturas.com.br:443 e utilize o código AB4F-3BE4-89FA-0491.

Este documento foi assinado digitalmente por Leslie Benzakein. Para verificar as assinaturas vá ao site https://www.portaldeassinaturas.com.br:443 e utilize o código AB4F-3BE4-89FA-0491.

*Tradução nº 715*                    *Livro nº 10*                    *Folha nº 385*

Ele também argumenta que a Decisão interlocutória de 2 de março trata apenas do foro dos processos contra acionistas antigos ou atuais e não indica nem quer dizer que as recuperações de tais processos estejam fora do escopo do Caso Brasileiro.

Depois de realizar audiências sobre o pedido de Cola Filho para extinção do Processo Incidental, não posso determinar com razoável certeza se os eventos que ocorreram no Caso Brasileiro sustentam a extinção ou se o Processo Incidental pode prosseguir. Portanto, em 3 de junho de 2020, proferi uma decisão adiando o pedido de extinção feito por Cola Filho e declarando a minha intenção de buscar a orientação de Vossa Excelência. Uma cópia da referida determinação está anexada a esta carta.

Com base nos argumentos apresentados, seguem abaixo as minhas perguntas:

1.     O Plano inclui a persecução de ações judiciais contra Cola Filho, ou contra pessoas físicas ou jurídicas relacionadas, como meio de viabilizar o pagamento aos credores da Itapemirim? Para os fins do Processo Incidental, não estou perguntando se a Itapemirim pode ajuizar ações contra Cola Filho. A questão é se a investigação sobre essas ações judiciais pode ser feita no Processo Incidental. A resposta a esta pergunta depende se ações judiciais contra Cola Filho podem ou não ser propostas como parte integrante do Caso Brasileiro.

2.     Uma questão relacionada é a seguinte: Se o dinheiro for recuperado em quaisquer ações movidas contra Cola Filho, o dinheiro será distribuído aos credores de acordo com o Plano, sob a supervisão contínua de Vossa Excelência no Caso Brasileiro, ou esses recursos serão pagos à Itapemirim fora do escopo do Caso Brasileiro?

No aguardo de sua resposta.

Respeitosamente,

ROBERT A. MARK
Juiz de Falências dos Estados Unidos

RAM: mgg

---

*Nada mais constava do documento acima que devolvo com esta tradução, segundo o meu melhor entender, lavrada em 10 laudas, a qual conferi, achei conforme e assino.*

*Emolumentos: R$ 773,00*

*Leslie Benzakein*
*São Paulo, 13 de junho de 2020*

Leslie Benzakein
Tradutora Juramentada e
Intérprete Comercial
JUCESP n.º 1143

Este documento foi assinado digitalmente por Leslie Benzakein.
Para verificar as assinaturas vá ao site https://www.portaldeassinaturas.com.br:443 e utilize o código AB4F-3BE4-89FA-0491.

Este documento foi assinado digitalmente por Leslie Benzakein. Para verificar as assinaturas vá ao site https://www.portaldeassinaturas.com.br:443 e utilize o código AB4F-3BE4-89FA-0491.



# PROTOCOLO DE ASSINATURA(S)

O documento acima foi proposto para assinatura digital na plataforma Portal de Assinaturas Certisign. Para verificar as assinaturas clique no link: https://www.portaldeassinaturas.com.br/Verificar/AB4F-3BE4-89FA-0491 ou vá até o site https://www.portaldeassinaturas.com.br:443 e utilize o código abaixo para verificar se este documento é válido.

## Código para verificação: AB4F-3BE4-89FA-0491



**Hash do Documento**

5B112BB8D41F785092BFE73F958CC7D502A0FF3721E007C8F9FF38D2935F8AC5

O(s) nome(s) indicado(s) para assinatura, bem como seu(s) status em 17/06/2020 é(são) :

☑ Leslie Benzakein - 129.016.148-84  em 17/06/2020 14:10 UTC-03:00
**Tipo:** Certificado Digital

